KOEHRING CO. *v.* HYDE CONSTRUCTION CO., INC., ET AL.

No. 593.   Decided January 17, 1966.

*Steven E. Keane* for petitioner.

*Charles Clark* for respondents.

PER CURIAM.

On March 11, 1964, pursuant to a transfer order issued by the Court of Appeals for the Fifth Circuit, the United States District Court for the Northern District of Oklahoma entered an order temporarily restraining respondents from proceeding with trial of a case in the Mississippi state courts. When respondents, in disregard of the temporary restraining order, proceeded to trial in Mississippi, the District Court on March 14 found them in civil contempt.[1] Undeterred, respondents pressed the state court action to a conclusion and obtained a judgment against petitioner on April 8. But the District Court, on September 1, enjoined respondents from seeking to enforce the Mississippi judgment, required them to compensate petitioner for reasonable expenses in connection with the contempt proceeding, reserved decision as to whether they must also reimburse petitioner for expenses relating to the Mississippi litigation, and ordered the civil suit between the parties retried—this time in Oklahoma and in federal court.

Respondents appealed from this decree to the Court of Appeals for the Tenth Circuit which reversed, holding that at the time the District Court had entered the original restraining order it was without jurisdiction since it had not yet received the case file from the transferor court. We are asked to review that determination. We grant the petition and reverse.

The District Court had assumed jurisdiction of the cause and entered its restraining order on March 11, five days before the papers in the case were transferred to it from Mississippi. It acted upon the basis of a certified copy of an order entered the previous day by

---

[1] Criminal contempt charges were also filed, but are not involved in the present petition.

the Court of Appeals for the Fifth Circuit. That order provided not only that the District Court for the Southern District of Mississippi had erred in failing to comply with an earlier appellate mandate to transfer the case, but also that "pending the entry of the order of transfer by the District Judge and the physical filing of the record in Oklahoma, this order shall constitute a transfer to enable the parties to present the matter to the District Court of Oklahoma."

Although a federal appellate court does not ordinarily itself transfer a case to another district, but remands to the District Court for that purpose,[2] the extraordinary action in this case was taken as a result of extraordinary circumstances. These included the fact that the Federal District Court in Mississippi had granted a motion to dismiss despite instructions from the Fifth Circuit to transfer the cause to Oklahoma,[3] and the further fact that trial of a duplicative action in the Mississippi state courts brought by respondent Hyde Construction Company was to commence, and did in fact commence, on March 11—one day after the Fifth Circuit's *instanter* transfer and the very day on which the Federal District Court in Oklahoma entered its order.

In the special circumstances of this case, we conclude that the District Court in Oklahoma had acquired jurisdiction on March 11 in accordance with the Fifth Circuit's order for *instanter* transfer and that the Tenth Circuit erred in vacating the District Court's orders on

---

[2] Cf. *Platt* v. *Minnesota Mining Co.*, 376 U. S. 240 (under Rule 21 (b) of the Federal Rules of Criminal Procedure).

[3] The Fifth Circuit suggests that the District Court's action was the result of misunderstanding over whether an answer had been filed and hence of its duty to grant a voluntary dismissal under Rule 41 (a)(1) of the Federal Rules of Civil Procedure, rather than the result of unreadiness to respect appellate instructions.

the stated jurisdictional ground. We do not read 28 U. S. C. § 1404 (a), providing that "a district court may transfer any civil action," as precluding an appellate court, where unusual circumstances indicate the necessity thereof, from effecting a transfer by direct order.[4]

Accordingly, we grant the petition, reverse the judgment, and remand to the District Court for the Northern District of Oklahoma for further proceedings consistent with this opinion, reserving to the parties the right to apply to that court to have the case transferred back to the Southern District of Mississippi because of changed conditions.[5]

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS joins, dissenting.

I think, as shown by the record and the carefully prepared opinions of the able judges in both the Fifth and the Tenth Circuits, that the circumstances of this case are both too complex and obscure, and the issues which concern among other things the relationship between state and federal courts and the transfer of cases between federal courts are all too important to be treated in the cursory manner as they are by the Court here. This Court's reversal of the judgment below, without giving respondents any opportunity for oral argument to support the thoroughly considered opinion and holding of the Tenth Circuit, seems more extraordinary to me than what the Court's *per curiam* opinion refers to as the "extraordinary circumstances" in the courts below. I dissent from that course of action taken by this Court.

---

[4] *Drabik* v. *Murphy*, 246 F. 2d 408 (C. A. 2d Cir.), is not authority for the proposition that the transferee court fails to acquire jurisdiction until papers are received from the transferor court. On the contrary, *Drabik* suggests that the transferor court may lose jurisdiction before that event.

[5] This reservation was made in the opinion of the Fifth Circuit.