**In re RIGCO, INC., a New Mexico corporation, f/k/a US Drilling Company, Debtor.**

**RIGCO, INC., Plaintiff,**

v.

**RAUSCHER PIERCE REFSNES, INC., Defendant.**

Bankruptcy No. 82–01166 M R.
Adv. No. 82–0819 M.

United States Bankruptcy Court,
D. New Mexico.

Jan. 28, 1983.

James S. Starzynski, Albuquerque, N.M., Robert W. Blair, Fort Worth, Tex., for plaintiff.

Zachary L. McCormick, Albuquerque, Bruce W. Collins, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on defendant's Motion to Dismiss or, in the Alternative, to Remand. Defendant asserts that this case had been transferred from the United States District Court for the District of New Mexico to the Northern District of Texas at the time removal was attempted by plaintiff. Defendant asserts that such transfer left this Court without jurisdiction to grant plaintiff's petition for removal. In the alternative, defendant asserts that even if this Court had removal jurisdiction, the case should be remanded on grounds of judicial economy, comity, and equity.

The facts are these:

This case was originally filed in the United States District Court for the District of New Mexico on June 24, 1982. Thereafter, defendant filed a motion for change of venue to the United States District Court, Northern District of Texas, Dallas Division. This motion was briefed and argued and on November 4, 1982, Judge Juan Burciaga signed an order "that this action be transferred under Section 1404(a), Title 28 U.S.C., to the United States District Court, Northern District of Texas, Dallas Division."

On November 8, 1982, plaintiff filed a chapter 11 petition under Title 11 U.S.C. in the United States Bankruptcy Court for the District of New Mexico.

Sometime during the day of November 10, 1982, the United States District Court Clerk's office for the District of New Mexico forwarded the entire file to the United States District Court in Dallas. Thereafter, on the same day, a notice of removal of the action to the United States Bankruptcy Court for the District of New Mexico was filed in the United States District Court for the District of New Mexico. The parties have stipulated that the file was received by the United States District Court Clerk's office in Dallas on November 12, 1982.

The first question for determination is the effective date and time of transfer. If we find that the filing of the order of transfer, the entry of the order of transfer on the docket, or the docketing by the clerk's office of their transmittal of the file to the United States District Court for the Northern District of Texas accomplished the transfer, then plaintiff had no cause of action remaining in the District of New Mexico to remove, and the adversary proceeding should accordingly be dismissed. If, however, the transfer was not effected until receipt by and docketing of the case in the United States District Court for the Northern District of Dallas, then the proceeding was properly removed and the question left for us to determine is whether the filing of the bankruptcy petition is a sufficiently changed circumstance to warrant keeping the case in this Court notwithstanding Judge Burciaga's decision.

■ The point at which a transfer is effective to the extent that the transferor court loses jurisdiction is not clear from section 1404(a) itself. 28 U.S.C. § 1404(a). The cases reported hold that a transfer occurs when the order of transfer is en-

tered, *Tharp v. Transworld Drilling Co.,* 367 F.Supp. 521 (W.D.Okl.1973); *see also Koehring Co. v. Hyde Construction Co., Inc.,* 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966); when the file is transmitted from the transferor court, *Id.,* and *see Drabik v. Murphy,* 246 F.2d 408 (2d Cir.1957), and *Fisher v. United Airlines, Inc.,* 218 F.Supp. 223 (S.D.N.Y.1963); or when the file is received by the transferee court, *Blankenship v. Allis-Chalmers Corp.,* 460 F.Supp. 37 (N.D.Miss.1978), and *see A.C. Nielsen Co. v. Hoffman,* 270 F.2d 693 (7th Cir.1959). And, *see generally* 15 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure,* § 3846 (1976). None of the cases are from this district or from the U.S. Court of Appeals for the 10th Circuit. Thus we must choose which line of cases to follow. It seems that the better rule is that the transferor court loses jurisdiction upon transmittal of the file to the transferee court. Once the act of transmittal occurs, it would seem that in most instances the transferor court has no effective means of reclaiming the matters so transferred. While as a practical matter transmittal by the transferor court and receipt by the transferee court is not normally a contemporaneous event, we have found no authority for a transferee court to refuse the transfer of a case, and if one analogizes this to the requirements for an effective transfer of a gift, it would seem that the transferor court has made delivery when it transmits the file and that the transferee court, in this case because it cannot do otherwise, has accepted same. This Court therefore concludes as a matter of law that the above adversary proceeding had been transferred from this district prior to the filing of the notice of removal and thus there was no case pending in this district to remove. The Court further notes that even had the case been properly removed, there was no evidence presented on which this Court could base a finding that there had been a substantial change of circumstance since the entry of Judge Burciaga's order which would warrant a different result.

Having concluded that there was no case to remove to this court, this case will be dismissed.