**DOLLAR RENT A CAR OF WASHINGTON, INC.; Dollar Rent a Car of Cleveland, Inc.; and Dollar Rent a Car Systems, Inc., Plaintiffs-Appellees,**

v.

**The TRAVELERS INDEMNITY COMPANY, a corporation; the Travelers Insurance Company of Hartford Connecticut, a corporation; and Constitution State Management Company, a corporation, Defendants-Appellants.**

**VIKING REINSURANCE COMPANY, LTD., a corporation, Plaintiff-Appellee,**

v.

**The TRAVELERS INDEMNITY COMPANY, a corporation; the Travelers Insurance Company of Hartford Connecticut, a corporation; and Constitution State Management Company, a corporation, Defendants-Appellants.**

Nos. 84–6199, 84–6454.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 1984.

Decided Oct. 24, 1985.

Ball, Hunt, Hart, Brown & Baerwitz, Joseph A. Ball, Thomas J. Leanse, Paul R. Pearlson, Long Beach, Cal., Law Offices of Theodore F. Schwartz, Theodore F. Schwartz, Clayton, Mo., Stephen A. Caruso, Los Angeles, Cal., for plaintiffs-appellees.

Barger & Wolen, Kent Keller, Royal F. Oakes, Los Angeles, Cal., for defendants-appellants.

Before BROWNING and CHAMBERS, Circuit Judges, and COYLE,* District Judge.

COYLE, District Judge:

The Travelers Indemnity Company, The Travelers Insurance Company of Hartford Connecticut, and Constitution State Management Company (Travelers) appeal from an order for preliminary injunction in favor of Dollar Rent A Car of Washington, Inc., Dollar Rent a Car of Cleveland, Inc. and Dollar Rent a Car Systems, Inc. (Dollar) and in favor of Viking Reinsurance Company, Ltd. (Viking). Travelers also appeals from a subsequent order that they

---

* Honorable Robert E. Coyle, United States District Judge, Eastern District of California, sitting by designation.

had violated the terms of the preliminary injunction and holding them in civil contempt.[1]

### A. Facts.

Dollar, a national car rental company, requires each of its licensees and subsidiaries who operate automobile rental businesses to carry a fixed amount of insurance coverage. In addition, landlords of the licensees and subsidiaries, such as airport authorities, may also require insurance coverage. In 1982, Dollar commenced negotiations with Travelers to provide this insurance coverage and to permit Viking of Turks and Caicos, a subsidiary of Dollar, to reinsure the business written by Travelers for Dollar licensees and subsidiaries. As a result of these negotiations, Travelers issued policies of insurance to Dollar licensees and subsidiaries, which policies provide in pertinent part: "10. Cancellation. This policy may be cancelled by [Travelers] by mailing to the named insured ... written notice stating when not less than ten days thereafter such cancellation shall be effective." In addition, a Reinsurance Agreement between Travelers and Viking was executed for the period April 1, 1982 to July 1, 1983. The Reinsurance Agreement provided in pertinent part: "[Viking] will provide at the request of [Travelers], Letter(s) of Credit under which drafts may be drawn by [Travelers] ... in amount or amounts as determined by [Travelers], as security for payment of [Viking's] obligations under this Reinsurance Agreement." The Reinsurance Agreement further provided for arbitration "[i]f an irreconcilable difference of opinion should arise as to the interpretation of this Reinsurance Agreement." Dollar guaranteed Viking's performance under the Reinsurance Agreement and agreed to provide the letters of credit referred to in the Reinsurance Agreement. In June, 1982, Travelers requested and received a $500,000 letter of credit. In June, 1983, it was agreed that the Reinsurance Agreement would be extended through July 1, 1984. Travelers prepared and signed a new Reinsurance Agreement which was sent to Dollar for signature by Viking. However, the new Reinsurance Agreement was never signed by Viking. In November, 1983, Travelers requested and received a $200,000 letter of credit. In April, 1984, Travelers requested an additional $1,440,000 letter of credit. Dollar and Viking refused to provide this letter of credit on the ground that Travelers had no valid reason to demand additional security since Viking had never failed to honor its obligation to reimburse Travelers for policy losses. Thereafter, Travelers notified Dollar that it would not renew those 54 of the 90 Dollar subsidiaries or licensees whose policies with Travelers expired on July 1, 1984. On June 1, 1984, Travelers gave notice to those 54 Dollar subsidiaries or licensees that their policies would not be renewed.

Viking filed an action in the Los Angeles Superior Court to compel Travelers to arbitrate the disputes between the parties and to enjoin Travelers from making further demand for letters of credit, drawing upon the existing letters of credit and terminating existing policies issued to Dollar subsidiaries and licensees. Contemporaneously, Dollar filed an action in the Los Angeles Superior Court seeking damages and injunctive relief. Temporary restraining orders were issued in both actions but, before the motions for preliminary injunction could be heard, the actions were removed to United States District Court for the Central District of California. The actions were consolidated by order of the district court. Dollar and Viking moved the dis-

**1.** By letter dated August 5, 1985, we were informed by Travelers that the arbitration panel had reached a majority decision resolving the issues between the parties. In Travelers' opinion, the arbitration panel's decision rendered this appeal moot. By letter dated August 7, 1985, Dollar and Viking informed the court of their opinion that the arbitration panel's decision did not render this appeal moot, but they had no objection to an abandonment of the appeal by Travelers if we deemed Travelers' August 5 letter to be an abandonment. We do not so deem Travelers' letter. And because we have not been informed that the district court has confirmed the arbitration panel's decision, we do not consider this appeal to be moot.

trict court for an order compelling the parties to submit their disputes to arbitration pursuant to the provision in the Reinsurance Agreement and for a preliminary injunction enjoining Travelers from terminating and not renewing existing insurance policies issued to Dollar subsidiaries and licensees pending resolution of arbitration, and restraining Travelers from making further demand upon Dollar and Viking for letters of credit, from drawing upon existing letters of credit, and from proceeding against Dollar until the disputes are resolved through arbitration or otherwise. On July 20, 1984, the district court entered its order compelling arbitration. The order further prohibits Travelers from terminating or cancelling or attempting to terminate or cancel any existing insurance policies issued to any subsidiary or licensee pending resolution of the arbitration proceeding, prohibiting Travelers from making any further demand upon Dollar or Viking for additional letters of credit and from drawing upon existing letters of credit pending resolution of the arbitration proceeding, and requiring that Travelers maintain the status quo pending resolution of the arbitration proceeding. On August 2, 1984, Travelers appealed this order granting the preliminary injunction.

Thereafter, pursuant to motion brought by Dollar and Viking, the district court found Travelers in contempt for its failure to renew those insurance policies which had been terminated prior to entry of the preliminary injunction. Travelers also has appealed this contempt order.

B. *Preliminary Injunction.*

■ "The grant or denial of a motion for preliminary injunction lies within the discretion of the district court. Its order granting or denying the injunction will be reversed only if the district court relied on an erroneous legal premise or abused its discretion." *Sports Form, Inc. v. United Press International, Inc.*, 686 F.2d 750, 752 (9th Cir.1982). A district court's order is reversible for legal error if, in applying the appropriate standards, the court misapprehends the law with respect to the underlying issues in the litigation. *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir.1981). To determine whether there has been an abuse of discretion, the reviewing court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.... The [reviewing] court is not empowered to substitute its judgment for that of the [district court]." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). "Abuse of discretion may also occur when the district court rests its conclusions on clearly erroneous findings of fact." *Sports Form, Inc. v. United Press International, Inc.*, 686 F.2d at 752. A finding of fact is clearly erroneous when the reviewing court on the entire evidence is "left with the definite and firm conviction that a mistake has been committed." *Edinburgh Assurance Co. v. R.L. Burns Corp.*, 669 F.2d 1259, 1261 (9th Cir. 1982) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).[2]

■ The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). *Sierra Club v. Hathaway*, 579 F.2d 1162, 1167 (9th Cir.1978). "The moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are

---

2. Travelers urges this court to adopt the "full review" standard utilized in the Second Circuit in reviewing a preliminary injunction granted or denied on a paper record containing only the affidavits, the pleadings and the briefs without an evidentiary hearing. *See Jack Kahn Music*

*Co. v. Baldwin Piano & Organ Co.*, 604 F.2d 755, 758 (2d Cir.1979). However, because we conclude that the district court abused its discretion under the standards applicable in the Ninth Circuit, it is unnecessary for us to decide this issue.

raised and the balance of hardships tips sharply in its favor." *Los Angeles Memorial Coliseum Commission v. National Football League,* 634 F.2d 1197, 1201 (9th Cir.1980). These are not separate tests, but the outer reaches "of a single continuum." *Benda v. Grand Lodge of the International Association of Machinists & Aerospace Workers,* 584 F.2d 308, 315 (9th Cir.1978), *cert. dismissed,* 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979).

An essential prerequisite to the granting of a preliminary injunction is a showing of irreparable injury to the moving party in its absence. *County of Santa Barbara v. Hickel,* 426 F.2d 164, 168 (9th Cir.1970). We conclude that Dollar and Viking did not satisfy this burden before the district court. Dollar based its assertion of irreparable injury on the ground that its subsidiaries and licensees would be unable to obtain the necessary insurance coverage in the absence of the preliminary injunction. However, Dollar did not identify even one subsidiary or licensee who was unable to obtain replacement coverage. In contradiction to Dollar's general assertion, Travelers presented evidence that Rales Insurance Brokers, Inc. had arranged insurance coverage for 42 of the Dollar subsidiaries and licensees whose coverage with Travelers expired on July 1, 1984 and that Rales Insurance Brokers, Inc. had obtained quotations for other Dollar subsidiaries and licensees which had either been rejected or not acted upon. Travelers also presented evidence that rental car fleet coverage was provided by Midland Insurance Company, Liberty Mutual Insurance Company, Harbor Insurance Company and others.

Viking argued to the district court that it would suffer irreparable injury because all of its income is derived from the Travelers-Dollar program and, in the absence of the preliminary injunction, Viking would go out of business. In support thereof, Viking relies upon *Janmort Leasing, Inc. v. Econo-Car International, Inc.,* 475 F.Supp. 1282, 1294 (E.D.N.Y.1979). In *Janmort,* however, the ongoing business that was threatened with destruction was an operating car franchise with offices, employees, cars on the road, etc. Viking, on the other hand, is a subsidiary of Dollar located in the Caribbean. No showing was made of the number of Viking employees, its existing good will, or its commitments other than those incurred by the Reinsurance Agreements.

We also conclude that Dollar and Viking have not shown a strong likelihood of success on the merits. The Reinsurance Agreements and the Reinsurance Policies provide for cancellation and/or nonrenewal without cause. Furthermore, the Reinsurance Agreements and the Reinsurance Policies are effective for specific terms. Under California law, parol evidence may not be admitted to contradict the terms of an integrated writing which on its face is not equivocal. *See, e.g., Weber v. Dobyns,* 193 Cal.App.2d 402, 406, 14 Cal.Rptr. 103, 106 (1961). Moreover, even if it were concluded that parol evidence was properly admitted to interpret the termination provisions as requiring cause, the Reinsurance Agreement expressly provides that Travelers may demand letters of credit from Viking. If a demand is made, Viking has no right under the Reinsurance Agreement to refuse to comply with the demand.[3]

### C. *Contempt Order.*

The threshold issue to be resolved is the appealability of the district court's contempt order. Dollar argues, and Travelers concedes, that an order holding a party in civil contempt normally is not a final order and thus is not immediately appealable. *Hoffman v. Beer Drivers & Salesmen's, Local Union No. 888,* 536 F.2d 1268, 1272 (9th Cir.1976). While Travelers asserts

---

**3.** Travelers argues that the district court erred by failing to require the posting of a bond pursuant to Rule 65(c), F.R.Civ.P. Travelers further argues that by granting the preliminary injunction, the district court improperly prejudged the merits of the dispute submitted to arbitration. However, because we have concluded that the preliminary injunction should not have issued in any event, it is not necessary for us to reach these issues.

that an exception to nonfinality of a civil contempt order is recognized where the threat of the contempt is continuing, *In re Campbell*, 628 F.2d 1260, 1261–62 (9th Cir.1980), there is no continuing threat here.

However, other circuits have held that an appeal of a civil contempt order is permissible when it is incident to an appeal from a final order or judgment, including an underlying preliminary injunction. *See Emery Air Freight Corp. v. Local Union 295*, 449 F.2d 586, 590 (2d Cir.1971), *cert. denied*, 405 U.S. 1066, 92 S.Ct. 1500, 31 L.Ed.2d 796 (1972); *Halderman v. Pennhurst State School & Hospital*, 673 F.2d 628, 637 (3d Cir.1982), *cert. denied*, —— U.S. ——, 104 S.Ct. 1315, 79 L.Ed.2d 712 (1984); *Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir.1976); *Hyde Construction Co. v. Koehring Co.*, 348 F.2d 643, 647 (10th Cir.1965), *rev'd on other grounds*, 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966). We conclude that this exception to nonappealability of a civil contempt order is applicable to this appeal.

■■ The grounds for the district court's order was Travelers' failure to maintain the status quo required by the preliminary injunction, the status quo being the last peaceable uncontested status existing between the parties before the dispute developed. While the preliminary injunction requires Travelers to renew all "existing" insurance policies, it is not reasonably inferrable from this imprecise language that it was intended that Travelers reinstate the insurance policies of those licensees and subsidiaries who had already obtained replacement insurance prior to the entry of the preliminary injunction. Nor is it reasonably inferrable that the maintenance of the status quo ordered by the preliminary injunction required Travelers to reinstate these insurance policies. Language this unspecific cannot support a finding of contempt for noncompliance with it.

Thus, we hold that the district court erred in granting the preliminary injunction and erred in holding Travelers in civil contempt for noncompliance with the preliminary injunction. The district court's Order of July 20, 1984 is vacated insofar as it grants Dollar and Viking the preliminary injunction. The district court's Order of October 17, 1984 is vacated in its entirety.

VACATED.