993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory H. BOWERS, Plaintiff-Appellant,
v.
Hazel O'LEARY*; Department of Energy,
Defendants-Appellees.
 No. 91-16711.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1993.
Decided May 17, 1993.
 
 Before: SCHROEDER, PREGERSON, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The plaintiff-appellant, Gregory H. Bowers, is an engineer who filed this action to enjoin the Secretary of Energy from participating in the construction of the California-Oregon Transmission Project ("COTP"). The COTP is a 340-mile long, 500 kilovolt alternating current transmission line constructed in Northern California as part of the Intertie, a long distance electrical transmission system that runs from Northern Oregon to Southern California. The transmission line connects private utilities as well as two federal power marketing administrations, the Bonneville Power Administration ("BPA") and the Western Area Power Administration ("Western"). Both BPA and Western completed extensive environmental impact statements ("EIS") about the COTP. Final EIS's were published by Western and BPA in January and April of 1988.
 
 
 3
 Bowers seeks to enjoin the project on the ground that a Supplemental Environmental Impact Statement should have been prepared after May of 1991. At that time, the California Public Utilities Commission ("Commission") denied the applications of certain investor-owned utilities in Southern California from participating in the COTP construction. Bowers maintains that the lack of participation of these utilities will have an economic and environmental impact on the project. The district court dismissed the petition for lack of standing.
 
 
 4
 Our review of the record strongly suggests that the consequences of the Commission's action will not have a significant material environmental impact upon the plaintiff or areas in which he lives and engages in recreation. The Commission did not alter the design and construction plans for the project. Nor did it change the potential for distribution of power along the Intertie. Instead, the Commission eliminated the certainty of participation by the Southern California utilities of a large-scale receipt of power, the effect of which remains highly speculative. See Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2135 (1992) (plaintiff must show that injury will "likely," not "speculatively," be redressed by favorable decision).
 
 
 5
 Even if we were to determine that the plaintiff had standing and could seek relief as of the time that his petition was filed, the situation with regard to the availability of injunctive relief has materially changed. The project has now been completed at a cost of hundreds of millions of dollars and is due to become fully operational in the near future. In those circumstances, weighing the balances of harm against the likelihood of success, we cannot hold that injunctive relief is warranted. See Dollar Rent A Car of Washington, Inc. v. Travelers Indemnity Co., 774 F.2d 1371, 1374 (9th Cir.1985).
 
 
 6
 AFFIRMED.
 
 
 
 *
 Hazel O'Leary, the current Secretary of Energy, is substituted for former Secretary James D. Watkins. See Fed.R.App.Pro. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3