**Thaddeus TAYLOR, Petitioner–Appellant,**

v.

**John ARMSTRONG, Commissioner of the Connecticut Department of Corrections, et al., Defendants–Appellees.**

No. 01–3695.

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2002.*

Decided June 14, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argu-

Before EASTERBROOK, DIANE P. WOOD, WILLIAMS, Circuit Judges.

### Order

Following the completion of his federal sentence, Thaddeus Taylor remained in federal prison as a state boarder—that is, a prisoner serving a state sentence in a federal institution under a contract between state and federal governments. For Taylor that state is Connecticut, and the sentence is a 12–year term arising from violence against employees of the state's prison system. See *State v. Taylor*, 63 Conn.App. 386, 776 A.2d 1154 (2001). Taylor's federal term expired in August 2001, and the same month he filed in the Southern District of Indiana what he styled a petition under 28 U.S.C. § 2241 seeking release on the ground that (in his view) the Connecticut convictions are invalid under the speedy-trial provision of the Interstate Agreement on Detainers.

Taylor's petition named as respondents John Armstrong, Commissioner of Connecticut's Department of Corrections, and Harley Lappin, Warden of USP Terre Haute (where Taylor then was). The district judge assumed that Lappin was the *only* respondent and that Taylor was challenging some aspect of his accommodations, as opposed to a judgment of conviction. Without waiting for Armstrong to be served with a copy of the petition the district judge summarily dismissed the petition because it did not show that Taylor has exhausted his administrative remedies within the federal prison system.

That was a misstep—not only because failure to exhaust normally is an affirmative defense rather than an element of the claim, see *Walker v. Thompson*, 288 F.3d 1005 (7th Cir.2002), but also because Taylor has no administrative remedies within the federal system. His fight is with Connecticut, not the United States, and the proper basis of relief would be 28 U.S.C. § 2254, not § 2241. Taylor may or may not have remedies remaining in Connecticut, but the district judge never looked into that question.

Nor is the Southern District of Indiana the right place for the inquiry. Taylor made the sort of mistake that a *pro se* litigant is apt to commit, launching the suit in the place of his own location rather than where the defendant resides. For the right place to wage a federal collateral attack on a Connecticut conviction is in Connecticut. Commissioner Armstrong is the proper respondent, see Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. The federal government is acting as Connecticut's agent (in the nature of a bailee), not as Taylor's custodian. Indiana has no connection to the controversy. Indeed, Taylor's stay in Terre Haute was short lived. In September 2001 he was transferred to USP Pollock in Louisiana, then returned to Connecticut for a sentence review hearing—though the United States expects Connecticut to send Taylor back to USP Pollock soon, if it has not done so already.

Although it is conceivable after *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), that a collateral attack on a Connecticut conviction could proceed outside of Connecticut, that would be possible only if the district court could obtain personal jurisdiction over the custodian and venue were proper. The Southern District of Indiana has no

ment is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.

R.App. P. 34(a); Cir. R. 34(f).

obvious way to obtain personal jurisdiction over Commissioner Armstrong, and at all events 28 U.S.C. § 1391(b)(1) and (2) locate venue in Connecticut. (Subsection 1391(b)(3) would allow venue in Indiana because of Warden Lappin's residence there only if "there is no district in which the action may otherwise be brought"; because this action may be prosecuted in Connecticut, this option is unavailable.)

The district court should have dismissed Warden Lappin as a respondent, because he is not Taylor's custodian. The proper respondent is either Commissioner Armstrong or the warden in Connecticut if Taylor has not yet been returned to a federal prison. After dismissing Warden Lappin as a party, the district court should have transferred this action to the District of Connecticut under 28 U.S.C. § 1404(a), to prevent any prejudice to Taylor from the running of the limitations period under 28 U.S.C. § 2244(d). It is far from clear that the contention Taylor seeks to present is a ground of collateral relief under § 2254, see *Reed v. Farley,* 512 U.S. 339, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). It also is unclear whether this is Taylor's first collateral attack on his Connecticut conviction. We leave these and any other issues to be addressed in the first instance in Connecticut.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the federal respondent as a party and to transfer the remainder of the proceeding to the United States District Court for the District of Connecticut. See *Koehring Co. v. Hyde Construction Co.,* 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966).