**In re:  William KEISLING, Petitioner.**

**No. 10–1106.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. Jan. 14, 2010.

Opinion filed:  Feb. 9, 2010.

**916**

William Keisling, Airville, PA, pro se.

Before: BARRY, FISHER and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

In November 2009, Petitioner William Keisling filed a pro se civil action in the Middle District of Pennsylvania. On January 11, 2010, William Keisling petitioned this Court for "Extraordinary Relief/Change of Venue" ordering the transfer of his civil action to a District Court located outside of Pennsylvania. For the reasons that follow, we will deny the petition.

Mandamus is a drastic remedy available only in the most extraordinary circumstances.[1] *See In re Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378 (3d Cir. 2005). To obtain a writ of mandamus, a petitioner must satisfy three conditions. First, he must "have no other adequate means to attain the relief he desires." *Cheney v. U.S. Dist. Ct. for Dist. of Columbia,* 542 U.S. 367, 380–81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). Second, he must show that his right to the writ is "clear and indisputable." *Id.* Third, the reviewing court must conclude that the writ is "appropriate under the circumstances." *Id.*

Keisling's mandamus petition is a request to change venue. The express terms in 28 U.S.C. § 1404(a) provide that a federal district court may transfer civil actions from one federal district court to another. While the Supreme Court has found that a federal court of appeals may effect a transfer by direct order where "unusual circumstances" require "extraordinary action," *see Koehring Co. v. Hyde Constr. Co.,* 382 U.S. 362, 364–65, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966), no such unusual circumstances appear based on Keisling's petition. To the extent that Keisling may seek to disqualify the District Judges sitting in the Middle District of Pennsylvania based on alleged bias and prejudice, his petition does not establish that a reasonable person, with knowledge of all the facts, would conclude that the District Judges' impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a); *In re Kensington Int'l Ltd.,* 353 F.3d 211, 220 (3d Cir.2003).

---

1. While Keisling labeled his filing as a "Petition for Extraordinary Relief/ Change of Venue," we may treat the filing as a mandamus petition. *See* 28 U.S.C. § 1651; *Nascone v. Spudnuts, Inc.,* 735 F.2d 763, 773 (3d Cir. 1984).

Accordingly, we determine that Keisling has not met his burden of showing that he has no other adequate means to obtain the relief he seeks or that his right to issuance of the writ is "clear and indisputable." As a result, we shall deny his mandamus petition.