OPINION
PER CURIAM.
Thomas E. Noble indicates that he has filed complaints in the United States District Court for the Eastern District of Pennsylvania, docketed at 04-cv-05997 and 09-cv-05857, “and Many Other Civ. Nos. at the E.D. Pa. and at Other U.S. District Courts Under the 3rd Circuit’s Jurisdiction.” Noble has filed a petition for a writ of mandamus, asking this Court to transfer “records of E.D. Pa. No. 09-5857 and ALL related past cases, to either the Supreme Court of the United States, or to the Judicial Panel of Multi-District Litigation, for REASSIGNMENT to an impartial district court....” For the reasons that follow, we will deny the petition.
Mandamus is a drastic remedy available only in the most extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain a writ of mandamus, a petitioner must satisfy three conditions. First, he must “have no other adequate means to attain the relief he desires.” Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). Second, he must show that his right to the writ is “clear and indisputable.” Id. Third, the reviewing court must conclude that the writ is “appropriate under the circumstances.” Id.
Noble’s mandamus petition is essentially a request to change venue. The express terms in 28 U.S.C. § 1404(a) provide that a federal district court may transfer civil actions from one federal district court to another. While the Supreme Court has found that a federal court of appeals may effect a transfer by direct order where “unusual circumstances” require “extraordinary action,” see Koehnng Co. v. Hyde Constr. Co., 382 U.S. 362, 364-65, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966), no such unusual circumstances appear based on Noble’s petition.[1] We note that Noble’s case pending at 09-cv-05857 has been assigned to a judge outside of the Eastern District. See E.D. Pa. Civ. No. 09-cv-05857, docket no. 4 (certified copy of order *257 designating and assigning The Honorable Mary Little Cooper of the District of New Jersey). To the extent that Noble may seek to disqualify Judge Cooper based on alleged bias and prejudice, the conclusory allegations of his petition do not establish that a reasonable person, with knowledge of all the facts, would conclude that the District Judge’s impartiality might reasonably be questioned. See 28 U.S.C. § 455(a); In re Kensington Int’l Ltd,., 353 F.3d 211, 220 (3d Cir.2003).[2]
Accordingly, we determine that Noble has not met his burden of showing that he has no other adequate means to obtain the relief he seeks or that his right to issuance of the writ is “clear and indisputable.” As a result, we shall deny his mandamus petition.[3]

. We further note that this court would not have jurisdiction to “transfer" cases that have already been closed.

. To the extent Noble is attempting to have this Court enforce an order allegedly entered by Judge Weiner in 2005, we deny his request. It appears that Noble is referring to an order entered at E.D. Civ. No. 04-cv-05997 at docket no. 6. However, that document does not order the Clerk to transfer his case out of the circuit; instead, it simply reflects Judge Weiner’s understanding that the “matter is currently in the process of being transferred to another Circuit.” It appears that instead, the matter was assigned to Judge Cooper. Noble did not appeal from the dismissal of that case, and he may not use mandamus as a substitute for an appeal. In re Briscoe, 448 F.3d 201, 212-13 (3d Cir.2006). In any event, the order entered in 04-cv-05997 would have no application to other cases filed by Noble.

. Noble’s motion for appointment of counsel is denied. Noble's motion to dismiss the Veterans Administration as a party to the appeal is denied as moot. Noble’s motion to strike his motion for emergency preliminary relief is denied as stated — the motion will remain on the docket — however, the motion is granted to the extent that no action will be taken on the motion.