**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1468
_____

IN RE:  WAYNE I. HOFFMAN,
                                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 12-cv-07018)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 14, 2013
Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 27, 2013)
_____

OPINION
_____

PER CURIAM

Pro <u>se</u> petitioner, Wayne Hoffman, seeks a writ of mandamus directing the District

Court to rule on the motions for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and for the appointment of

counsel that accompanied the underlying civil rights complaint he filed on November 14, 2012,

and to direct that service of process be issued by the United States Marshal's Service.  While

we acknowledge that the motions indeed remain pending and that the District Court has an

obligation to rule on them, mandamus is not warranted in this case.  Accordingly, we will deny

the petition.

Mandamus is a "drastic remedy" available in extraordinary circumstances only. In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). However, mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

The delay complained of by Hoffman is not tantamount to a failure to exercise jurisdiction. Because less than four months have passed since Hoffman filed his complaint and little more than two and a half months since the filing of his amended complaint on December 31, 2012, the delay "does not yet rise to the level of a denial of due process." Id. (denying a mandamus petition where the district court had not ruled on petitioner's motion in four months). We are fully confident that the District Court will adjudicate Hoffman's motions and complaint without undue delay.

We likewise deny Hoffman's petition to the extent he requests a change of venue. The express terms of 28 U.S.C. § 1404(a) provide that a federal district court may transfer civil actions from one federal district court to another. While the Supreme Court has found that a federal court of appeals may effect a transfer by direct order where "unusual circumstances" require "extraordinary action," see Koehring Co. v. Hyde Constr. Co., 382 U.S. 362, 364-65

2

(1966), no such unusual circumstances appear based on Hoffman's petition.

Accordingly, we will deny the petition for a writ of mandamus.