**\*AMENDED BLD-160**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1326
_____

IN RE:  RANDY BAADHIO,

                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. Nos. 15-cv-02444, 15-cv-02752, and 15-cv-08809)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 25, 2016

Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 3, 2016)
_____

OPINION*
_____

PER CURIAM

    Randy Baadhio is a plaintiff in the civil actions docketed at D.N.J. Civ. Nos. 15-

cv-02444, 15-cv-02752, and 15-cv-08809.  Presently before us is Baadhio's petition for a

writ of mandamus essentially seeking:  an order "reversing the district court order [in No.

15-cv-08809] denying Emergency Removal from the Sleepy Hollow Motel" and

"compelling the State of New Jersey . . . to pay for adequate rental housing"; the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

immediate recusal "of the US District Court, Trenton, in this matter and all others"; and the "transfer of all cases to another District Court pending [a] decision on appeal." See Mandamus Pet. at 1, 8. We will deny the petition.

Mandamus is a drastic remedy that is granted only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Baadhio seeks mandamus relief because he believes that District Judge Michael Shipp, as well as other District Judges and Magistrate Judges from the District of New Jersey, should recuse due to, inter alia, their alleged lack of impartiality and unnamed ethical violations. Baadhio asserts that Judge Shipp's partiality, in particular, has resulted in the erroneous denial of injunctive relief and in forma pauperis status in Civ. No. 15-cv-08809.

A mandamus petition is a proper means of challenging a District Judge's refusal to recuse pursuant to 28 U.S.C. § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 775 (3d Cir. 1992). The District Court entered an order on February 5, 2016, permitting Baadhio leave to reopen his civil action at No. 15-cv-08809 by submitting the filing fee on or before March 14, 2016. If Baadhio remits the fee, the District Court will then consider the merits of the recusal motion that it had previously found to be moot. When a District Judge has yet to refuse a request for recusal, it cannot be said that the petitioner has no recourse but to seek the extraordinary remedy of mandamus from this Court. See In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003). Upon reopening, the District

2

Court would also consider Baadhio's request for injunctive relief. We note that any order denying leave to proceed in forma pauperis and/or for injunctive relief can be challenged on appeal. Thus, we conclude that Baadhio cannot make the required showing that he has no other adequate means to attain the desired relief.

It likewise appears that Baadhio's motions for recusal remain pending in his civil actions at Nos. 15-cv-02444 and 15-cv-02752. Moreover, although mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, the underlying civil actions do not present such a situation. At the time Baadhio filed his mandamus petition, his motions for recusal had been pending in Nos. 15-cv-02444 and 15-cv-02752 for less than two weeks. We do not hesitate to conclude that this time period "does not yet rise to the level of a denial of due process." Id. (stating that several months of inaction is insufficient to warrant mandamus relief). We are confident that the district court will rule on Baadhio's filings in due course.

Baadhio's mandamus petition also contains what can be viewed as a request to change venue. The express terms of 28 U.S.C. § 1404(a) provide that a district court may transfer civil actions from one district court to another. While the Supreme Court has found that a court of appeals may effect a transfer by direct order where "unusual circumstances" require "extraordinary action," see Koehring Co. v. Hyde Constr. Co., 382 U.S. 362, 364-65 (1966), no such unusual circumstances appear based on Baadhio's petition. To the extent that Baadhio may be seeking to disqualify the District Judges sitting in the District of New Jersey based on alleged bias and prejudice, his petition does

not establish that a reasonable person, with knowledge of all the facts, would conclude that the District Judges' impartiality might reasonably be questioned.  See 28 U.S.C. § 455(a); In re Kensington Int'l Ltd., 353 F.3d at 220; see also In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (holding that recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation").

Accordingly, we will deny Baadhio's mandamus petition.  Baadhio's request that we rule on his petition in an expedited manner is denied as moot.[1]

---

[1] We note that on February 29, 2016, Baadhio filed an emergency motion for injunctive relief seeking an order to bar the State of New Jersey from terminating his emergency housing assistance effective March 2, 2016.  A litigant "seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  Given our analysis and disposition of Baadhio's mandamus petition, it is obvious that he has failed to establish a likelihood of success on the merits in the context of this proceeding.  Additionally, it appears that he has been afforded an opportunity to request a hearing and to request that his benefits be continued until that hearing takes place.  See Emergency Mot. at 11-12.  Petitioner would be well advised to pursue those opportunities.  *Accordingly, we deny his emergency motion, but we will do so without prejudice to his filing the motion in the appropriate District Court action.