BLD-066                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3465
_____

IN RE:  AMIR HAKIM MCCAIN A/K/A JOHN MCCAIN,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-12-cv-00789)
District Judge: Sylvia H. Rambo

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 7, 2017

Before:  AMBRO, RESTREPO, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 12, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Amir McCain has filed a petition and an amended petition for a writ of mandamus.

He seeks to have this Court:  (1) direct that his civil rights suit be moved to a federal

district court in Philadelphia; (2) remove Judge Rambo from the case; (3) and direct the

District Court to provide him with notes of testimony for two telephone conferences

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

(October 29, 2015, and January 12, 2017), and for two days of a bench trial (July 24, 2017, and July 27, 2017). We will deny the petition.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted).

McCain's request for transcripts is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). The District Court has already provided McCain with transcripts for the two days of bench trials, see Dkt. #401 (order with enclosed courtesy copies of transcripts), and no transcripts exist for the telephone conferences, see id.; see generally Docket entries.

Turning to his request that we direct Judge Rambo to recuse, we note that a mandamus petition, in general, is a proper means of challenging a district judge's refusal to recuse pursuant to 28 U.S.C. § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 778 (3d Cir. 1992). But we will deny his request for two reasons. First, McCain did not wait for Judge Rambo to rule on his recusal motion before filing his mandamus petition; thus, he has other means of seeking potential relief. Second, we discern no reason why Judge Rambo should recuse. "We have repeatedly stated that a party's displeasure with legal

2

rulings does not form an adequate basis for recusal."  See Securacomm Consulting, Inc.

v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).  And a recusal motion must be

based on "objective facts," not mere "possibilities" and "unsubstantiated allegations."

United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989).  McCain's conclusory

allegations of racial bias are completely unsubstantiated.

Finally, while the Supreme Court has found that a federal court of appeals may

effect a transfer by direct order where "unusual circumstances" require "extraordinary

action," see Koehring Co. v. Hyde Constr. Co., 382 U.S. 362, 364-65 (1966), no such

unusual circumstances appear based on McCain's petition.

For the foregoing reasons, we will deny the petition for a writ of mandamus.