**\*AMENDED BLD-014**                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3107
_____

IN RE:  DIANE R. GOCHIN,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:18-cv-03348)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 18, 2018

Before:  AMBRO, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: October 31, 2018)
_____

OPINION\*
_____

PER CURIAM

Pro se petitioner Diane Gochin seeks a writ of mandamus.  Because Gochin has

not demonstrated that she is entitled to such relief, we will deny her petition.

In August 2018, in the United States District Court for the Eastern District of

Pennsylvania, Gochin sought to file an in forma pauperis ("ifp") complaint to raise claims

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

related to an ejectment proceeding in the Court of Common Pleas for Montgomery County.  The District Court allowed her to proceed ifp and, on screening, dismissed the complaint without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Gochin then filed an amended complaint.  The District Court subsequently dismissed the amended complaint for failure to state a claim under § 1915(e)(2)(B)(ii) but allowed further amendment relating to one of the claims.  Gochin instead sought reconsideration and the District Judge's recusal, which the District Court denied.

Gochin presents a petition for a writ of mandamus.  Gochin seeks an order requiring the District Judge's recusal, requests that the District Judge's orders in her case be "declared void," and requests that the case be transferred to a different venue "to prevent further manifest injustice."  Mandamus Pet. at 2.  Additionally, Gochin asks this Court to stay the state court ejectment proceedings until "all matters in this case are resolved."  Id. at 11.  Gochin has also filed a motion for expedited review of her petition for a writ of mandamus.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner must ordinarily have no other means to obtain the desired relief, and must show a clear and indisputable right to issuance of the writ.  In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992) (citing Will v. United States, 389 U.S. 90, 96 (1967)).

2

We may consider on mandamus whether a District Judge is obligated to recuse under 28 U.S.C. § 455, see In re Kensington Int'l Ltd., 353 F.3d 211, 219–20 (3d Cir. 2003); Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993), but Gochin has not shown that she is entitled to an order requiring the District Judge's recusal. Gochin relies on two subsections of § 455: subsection (a) requires recusal when a judge's impartiality might reasonably be questioned, and subsection (b)(5)(ii) requires a recusal when a judge acts as a lawyer in the proceeding. Neither serves as a basis for recusal here.

Gochin alleges that the District Judge acted as an advocate for the defendants and is required to recuse in light of his reliance on the screening procedures of 28 U.S.C. § 1915(e)(2)(B). However, Gochin's complaints are based on ordinary judicial decision-making, and we have repeatedly held that mere dissatisfaction with rulings does not warrant recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Additionally, Gochin has presented only vague allegations of prejudice, and, upon review of the record, we cannot say that a reasonable person would conclude the District Judge's impartiality could reasonably be questioned. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). To the extent that Gochin asks us to vacate the District Judge's orders as void and unconstitutional, mandamus relief is not available because mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380–81 (2004).

Gochin's petition also contains a request to change venue. The express terms in 28 U.S.C. § 1404(a) provide that a federal district court may transfer civil actions from one federal district court to another. While the Supreme Court has found that a federal court of appeals may effect a transfer by direct order where "unusual circumstances" require "extraordinary action," see Koehring Co. v. Hyde Constr. Co., 382 U.S. 362, 364-65 (1966), no such unusual circumstances appear based on Gochin's petition.

Finally, with respect to her request that we order the District Court to stay the state court proceedings, we do not have the authority to grant that request. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (explaining that a district court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (explaining that federal courts "lack[] jurisdiction to direct a state court to perform its duty").

Accordingly, we will deny the petition for a writ of mandamus. We also deny the motion for expedited review.

4