BLD-108                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3815
_____

IN RE:  JAMES E. NIXON, SR.,

                                                                     Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-18-cv-00685)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 21, 2019
Before:  AMBRO, KRAUSE and PORTER, Circuit Judges

(Opinion filed: February 27, 2019)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner, James Nixon, requests that this Court issue a writ of mandamus

and "take jurisdiction" of the civil action he filed in the District Court pursuant to 42

U.S.C. § 1983.  Nixon argues that this action is warranted because the District Court has

left his motions seeking an "Order for Hearing for Rule Absolute" and for a "Writ of

Habeas Corpus Ad Testificandum Via Video/Telephone Communication," as well as his

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

amended complaint, sit idle for months. However, a review of the electronic docket shows that the District Court disposed of those filings in an Order entered on January 10, 2019. We note further that, in an Order recently entered on January 28, 2019, the District Court granted Nixon's motion for an extension of time and set the deadline for the filing of an amended complaint for March 29, 2019.

In light of the District Court's action, this mandamus petition no longer presents a live controversy. Therefore, we will dismiss it as moot.[1] See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

---

[1] Even if Nixon's mandamus petition could be construed as essentially a request to change venue, we would deny the petition. While the Supreme Court has found that a federal court of appeals may effect a transfer by direct order where "unusual circumstances" require "extraordinary action," see Koehring Co. v. Hyde Constr. Co., 382 U.S. 362, 364-65 (1966), no such unusual circumstances appear based on Nixon's petition. Likewise, to the extent the District Court's denial of Nixon's motions to change venue could be construed as a denial of a motion to recuse pursuant to 28 U.S.C. § 455, a mandamus petition is a proper means of challenging that refusal. See In re Sch. Asbestos Litig., 977 F.2d 764, 775-76 (3d Cir. 1992). However, we agree with the District Court that relief is not appropriate here as Nixon's filings do not establish that a reasonable person, with knowledge of all the facts, would conclude that the District Judge's impartiality might reasonably be questioned. See 28 U.S.C. § 455(a); In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003); see also In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (holding that recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation").