**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1750**

---

In re: DEBRA EDNEY JAMES,

        Petitioner.

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of North Carolina, at Asheville.  (1:25-cv-00192-MR-WCM)

---

Submitted:  September 18, 2025                    Decided:  September 22, 2025

---

Before NIEMEYER, WYNN, and THACKER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Debra Edney James, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Debra Edney James petitions for a writ of mandamus seeking an order directing the district court to transfer her civil action to a different district, deciding the merits of a pending state court action, and granting relief from a district court's judgment under Rule 60(b)(3) of the Federal Rules of Civil Procedure.[*] We conclude that James is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [she] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted).

The relief sought by James is not available by way of mandamus. Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). This court also lacks jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969), or to issue Rule 60(b) relief from a district court's judgment, *see* Fed. R. Civ. P. 60(b). Additionally, a federal court of appeals may order the transfer of a federal civil action

---

[*] As a threshold matter, we grant James's motion to clarify and amend or correct her mandamus petition. We have considered both the original and amended petitions in issuing this opinion.

2

between districts only where "unusual circumstances" require "extraordinary action." *Koehring Co. v. Hyde Constr. Co.*, 382 U.S. 362, 364-65 (1966).

Accordingly, although we grant James's motion to clarify and amend or correct her mandamus petition, we deny James's motions for injunctive relief pending appeal and for a transfer, deny as moot James's motion to attend hearings remotely, and deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*