**Lawrence ROSS,
Petitioner-Plaintiff-Appellant,**

v.

**David C. MEBANE et al.,
Respondents-Defendants-Appellees.**

**No. 75–1963.**

United States Court of Appeals,
Seventh Circuit.

Argued April 6, 1976.

Decided June 30, 1976.

Jerold S. Solovy, Richard J. Gray, Chicago, Ill., for petitioner-plaintiff-appellant.

Richard L. Thornburgh, Asst. Atty. Gen., S. Cass Weiland, Dept. of Justice, Washington, D. C., for respondents-defendants-appellees.

David C. Mebane, pro se.

Before SWYGERT and CUMMINGS, Circuit Judges, and JAMESON, Senior District Judge.*

PER CURIAM.

Petitioner Lawrence Ross appeals from the district court's dismissal of his petition for a writ of habeas corpus and seven civil actions filed while he was incarcerated at the Federal Correctional Institution at Oxford, Wisconsin.[1]

Petitioner is imprisoned in the federal system for a 5- to 15-year term imposed by the District of Columbia Superior Court. He began serving his sentence at the Department of Corrections Facility at Lorton, Virginia. During his confinement there he participated in several rehabilitation programs and received frequent visits from his nearby family. In June 1974, he was informed that he was to be transferred to the Oxford facility. He claims that in the short interval between the notice of the transfer and his trip to Wisconsin, he was not allowed access to an attorney and to his family. In addition, he asserts that he was not given any reason for the transfer nor permitted to challenge the administrative action.

Once at Oxford, petitioner claims he was denied access to rehabilitative programs

---

* Senior District Judge William J. Jameson of the District of Montana is sitting by designation.

1. To be more precise, six civil actions were filed on December 16, 1974, the habeas corpus petition was filed on December 30, 1974, and the seventh civil action was filed on February 25, 1975. Petitioner was transferred from Oxford on December 27, 1974.

and subjected to disciplinary action when he protested this deprivation. According to petitioner, the disciplinary action was unjustified and resulted in the loss of good time, confinement in a "strip cell," denial of use of legal materials and imposition of restrictions on his religious freedom. In response to the transfer to Oxford and the disciplinary actions, Ross filed a petition for a writ of habeas corpus and seven civil actions in the district court for the Western District of Wisconsin, in which the Oxford facility is located. Subsequent to his filing most of those actions, petitioner was transferred to the Federal Correctional Institution at Lewisburg, Pennsylvania. Upon learning of the transfer, the district court dismissed all of the pending actions as moot. Petitioner is presently confined at the Federal Penitentiary, McNeil Island, Washington.

Petitioner's many claims can be divided into two basic groups. The first group consists of challenges to the legality of prison officials' actions which affect the length or type of confinement of the petitioner. These include claims that the procedures used to transfer the petitioner to Oxford and to strip him of good time credits violate due process. The second group consists of requests for injunctions restraining prison officials at Oxford from the future imposition of certain types of punishment such as solitary confinement. Although we agree with the district court that claims in this latter group have become moot, we find that the allegations in the first group properly presented to the district court a request for relief in the nature of a writ of habeas corpus. Consequently, we reverse and remand with directions.

A prisoner may challenge, through the means of a petition for a writ of habeas corpus, matters affecting the fact or duration of his confinement. *Preiser v. Rodri-*

guez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439. Within the first group are claims that the petitioner has been unjustly stripped of good time credits. *Preiser v. Rodriguez, supra.* Since the petitioner has not been returned to the Lorton institution nor have his good time credits been restored, these issues are not moot.[2] Cf. *Preiser v. Newkirk,* 422 U.S. 395, 402–403, 95 S.Ct. 2330, 45 L.Ed.2d 272. In view of *Meachum v. Fano,* —— U.S. ——, 96 S.Ct. 2532, 49 L.Ed.2d ——, 44 L.W. 5053, we have some doubts whether petitioner's claim that he was improperly transferred from Lorton states a cause of action. However, the district court's dismissal of the claim as moot precluded its review of the merits. This sufficiency of the petition, therefore, should be considered by that court in the first instance on remand.

Defendants nonetheless claim that the dismissal of the actions can be upheld for want of jurisdiction because the petitioner is no longer confined in the Western District of Wisconsin. We disagree.

Under 28 U.S.C. § 2241[3] the district court is required to have jurisdiction over the custodian of the petitioner. *Braden v. 30th Judicial Cir. Ct. of Kentucky,* 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443; *Strait v. Laird,* 406 U.S. 341, 343, 92 S.Ct. 1693, 32 L.Ed.2d 141. Whether the court has jurisdiction over the custodian is determined at the time the petition is filed. *Smith v. Campbell,* 450 F.2d 829, 831–832 (9th Cir. 1971); *Harris v. Ciccone,* 417 F.2d 479, 480 n. 1 (8th Cir. 1969), certiorari denied, 397 U.S. 1078, 90 S.Ct. 1528, 25 L.Ed.2d 813; *Bishop v. Medical Superintendent of Ionia State Hospital,* 377 F.2d 467, 468 (6th Cir. 1967).

In this case, the petitioner has filed a multitude of papers, one labeled a petition for a writ of habeas corpus, the others called civil actions. As defendants

---

2. On remand, it will be the obligation of the district court to determine, in accord with the standards of *Preiser v. Rodriguez, supra,* which other complaints of the petitioner are properly presented in his petition for the writ of habeas corpus as augmented by the civil complaints.

3. Section 2241 provides in relevant part:

"(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

recognize (Br. 12), some of the claims raised in the civil actions are properly presented only in a petition for a writ of habeas corpus. One of these claims, raised in a civil action, was the allegation that defendant had deprived the petitioner of good time credits in violation of due process. This complaint was filed in the district court on December 16, 1974. Because the petitioner was not transferred from Oxford until December 27, 1974, his complaint, which should be construed as a petition for a writ of habeas corpus, was therefore timely. Under Rule 15 of the Federal Rules of Civil Procedure, any papers filed subsequent to his transfer, which raise other claims cognizable on a petition for a writ of habeas corpus, may be treated as amendments to his original pleading. The district court therefore had jurisdiction to consider petitioner's application for a writ.

Although it has jurisdiction to consider the petition, the district court for the Western District of Wisconsin might not be the most appropriate forum for adjudication of the matter. The petitioner and his immediate custodian are located in the Western District of Washington. Absent other considerations, it would appear that the case should be transferred pursuant to 28 U.S.C. § 1404(a). See *United States ex rel. Meadows v. New York,* 426 F.2d 1176, 1182–1183 (2d Cir. 1970), certiorari denied, 401 U.S. 941, 91 S.Ct. 944, 28 L.Ed.2d 222. However, because the record before us has not been sufficiently developed, the district court on remand should itself determine the appropriateness of transferring the case.

We agree with the district court that the request for an injunction restraining officials at Oxford from the future imposition of certain forms of disciplinary action on the prisoner is moot. The petitioner is no longer confined at Oxford and therefore no illegal conduct will be imposed upon him there, thus mooting the case. *Rizzo v. Goode,* 423 U.S. 362, 370, 96 S.Ct. 598, 46 L.Ed.2d 561, 44 LW 4095, 4098; *Preiser v. Newkirk, supra,* 422 U.S. at 402, 95 S.Ct. 2330.

The decision of the district court is reversed and remanded to that court with directions to determine the scope of the petition for the writ of habeas corpus in the light of the other actions of the first group and then to consider the appropriateness of transferring the case to the district court for the Western District of Washington.