**Harold Loyd JOYCE, Petitioner,**

v.

**Dennis LUTHER, Respondent.**

No. 81–C–151.

United States District Court,
W. D. Wisconsin.

June 15, 1981.

Harold Loyd Joyce, pro se.

Richard E. Cohen, Asst. U.S. Atty., Madison, Wis., for respondent.

## ORDER

CRABB, Chief Judge.

This is a proceeding on a petition for a writ of habeas corpus. The petition was filed originally in the Northern District of Illinois. Petitioner was granted leave to proceed *in forma pauperis.* In an order dated January 20, 1981, the court ordered respondent to answer or otherwise respond to the petition within twenty days. Respondent filed a motion for a change of venue pursuant to 28 U.S.C. § 1404 apparently in response to the January 20, 1981, order. In a memorandum and an attached affidavit, respondent indicated that on January 28, 1981, petitioner was transferred from the Metropolitan Correctional Center in Chicago, Illinois, to the Federal Correctional Institution at Oxford, Wisconsin,

where he was designated to serve the remainder of his sentence. The court granted respondent's motion for a change of venue, and the case was transferred to the Western District of Wisconsin on March 2, 1981.

In an order entered April 16, 1981, this court, by the Honorable James E. Doyle, ordered respondent to show cause why the writ should not issue. In the order, the court questioned whether the case was transferred properly pursuant to 28 U.S.C. § 1404. Under that statute, "a district court may transfer any civil action to any other district or division where it might have been brought."

The Court of Appeals for the Seventh Circuit and the United States Supreme Court have agreed on the following construction of 28 U.S.C. § 1404:

> If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendants, it is a district "where it might have been brought." If he does not have that right, independently of the wishes of defendant, it is not a district "where it might have been brought," and it is immaterial that the defendant subsequently acquiesces. The test is, did the plaintiff have an independent right to commence the suit in the district to which it is sought to make transfer? If so, it is a district "where it might have been brought"; otherwise, it is not such a district.

*Behimer v. Sullivan*, 261 F.2d 467, 469 (7th Cir. 1958), *affd. sub nom Hoffman v. Blaski*, 363 U.S. 335, 340–44, 80 S.Ct. 1084, 1088–90, 4 L.Ed.2d 1254 (1960).

When petitioner initiated this proceeding, he was confined at the MCC in Chicago, Illinois. Under 28 U.S.C. § 2241, the Western District of Wisconsin was not a district "where [the petition] might have been brought." Thus, it appears that the petition was not properly transferred, and that this court does not have jurisdiction.[1]

In response to the April 16, 1981, order to show cause, the United States Attorney for the Western District of Wisconsin, implicitly acknowledging that 28 U.S.C. § 1404 applies to petitions for writs of habeas corpus, agreed with the suggestion of the court that the petition was not properly transferred. Counsel also pointed out that petitioner was transferred to the Federal Correctional Institution at Oxford, Wisconsin on January 28, 1981, and that he was transferred to the Medical Center for Federal Prisoners in Springfield, Missouri, on February 24, 1981. Thus, petitioner no longer is confined within the Western District of Wisconsin.

Counsel indicated that the court had two options: to transfer the case back to the Northern District of Illinois, or to dismiss the case so that petitioner might refile it in the district where he presently is in custody. I doubt that I can exercise the former option; if transfer to this district was never proper, the court has no basis for jurisdiction over the case. Further, I do not believe it would be appropriate to take an action which has the effect of reversing an order of another district court.

However, I am reluctant to dismiss this petition at this time in the light of petitioner's allegations that he has been repeatedly transferred at least in part to make it difficult for him to litigate this petition.

A third option seems most appropriate. Given that government counsel concedes that on the motion of respondent, the petition was transferred improperly, it seems just and proper to give counsel and respondent an opportunity to file in the Northern District of Illinois a motion for relief from the order transferring the petition to this district. See Rule 60(b), Federal Rules of Civil Procedure. Of course, petitioner is also free to file such a motion.

Finally, I note that petitioner has filed several motions for a court order that he be transferred either to this district or to the MCC–Chicago. Even if I had jurisdiction over this petition, I doubt that I could grant

---

1. The district court in the Northern District of Illinois did not lose jurisdiction over this petition for a writ of habeas corpus merely because petitioner was transferred to a different judicial district. *Ross v. Mebane*, 536 F.2d 1199, 1201 (7th Cir. 1976).

such a motion. Without such jurisdiction, it is clear that I must deny the motion.

## ORDER

IT IS ORDERED that consideration of this case shall be delayed until June 29, 1981, so that respondent and petitioner may file in the Northern District of Illinois, motions seeking relief from the order transferring the petition to this judicial district. Respondent and petitioner are requested to file copies of any such motions with this court, and to inform this court of the disposition of such motions.