**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0508n.06

**No. 11-1119**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*May 16, 2012*

LEONARD GREEN, Clerk

JEROME R. OSWALD,

      **Plaintiff-Appellant,**

v.

BAE INDUSTRIES, INC.,

      **Defendant-Appellee.**

                         /

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

BEFORE:    NORRIS, CLAY, and GRIFFIN, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff Jerome R. Oswald appeals an order of the district court granting summary judgment to Defendant BAE Industries, Inc. on Plaintiff's claim that Defendant violated the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301–4333. Plaintiff also appeals the district court's order denying his motion for reconsideration. For the reasons that follow, we **AFFIRM** both orders.

**BACKGROUND**

Plaintiff was a member of the United States Marine Corps Reserves. He began working for Defendant on August 22, 2005 as a manufacturing engineer. On July 10, 2006, Plaintiff was deployed to serve in the Marine Corps in Iraq. According to Plaintiff, "[u]pon receiving information regarding the Plaintiff's military service commitments, [Plaintiff's manager Mark Gleason] would

put his head down in disgust[] and indicate his disapproval by his demeanor and non verbal conduct." Defendant had been aware of Plaintiff's military status when it hired Plaintiff.

One year later, on July 10, 2007, Plaintiff returned from Iraq and resumed his employment with Defendant. Plaintiff alleges that immediately upon his return, Defendant drastically limited his employment duties and responsibilities compared to his pre-deployment work. For example, Plaintiff alleges that he was no longer given specific area/production line responsibility, he did not have budget responsibilities, he was not given "train-up" time, his work was not reviewed, and he was not given a raise (even though other employees were given one). Furthermore, Plaintiff was not given any tasks with deadlines or completion dates—indicative that Defendant did not plan to retain Plaintiff for long.

One month after returning to work, Plaintiff was transferred to the BAE Warren Plant and demoted from manufacturing engineer to maintenance. His work in maintenance was allegedly far below his wage scale, significantly unlike the engineering duties he had been hired to perform, and beneath his training, education, skills, and experience. Plaintiff notes that this type of transfer and demotion was "commonly regarded among BAE management employees as the last step before being terminated."

Shortly after his transfer, on September 14, 2007, Plaintiff's employment was terminated. Defendant alleges that Plaintiff's termination was due to a reduction in employees, which it deemed necessary under current economic conditions. It contends that the termination was wholly unrelated to Plaintiff's military status and states that it was "highly supportive" of Plaintiff's military service, demonstrated by its hosting of a deployment send-off party, collecting money to help Plaintiff's

family during his absence, and sending care packages to Plaintiff's military unit. Allegedly, Mr. Gleason also fixed a septic tank at Plaintiff's house during his absence.

In February 2008, Plaintiff filed a request with the United States Department of Labor, Veteran's Employment and Training Service to investigate Plaintiff's termination. Shortly thereafter, the Department of Labor gave notice that it declined to proceed with an investigation.

On July 5, 2010, Plaintiff filed a complaint against Defendant, alleging that Defendant violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. § 4301, which provides a cause of action for members of the military who have been discriminated against by their non-military employers on the basis of their military service, and the Michigan Military Act, Mich. Comp. Law §§ 32.271, 32.273, which provides similar protections. In lieu of filing an answer, Defendant filed a motion for summary judgment, asserting that Plaintiff's complaint was time-barred by a provision in Plaintiff's employment contract requiring actions against the employer to be brought within 180 days. Plaintiff had filed his complaint approximately two years and ten months after his termination. Plaintiff filed a response to the motion, and Defendant filed a reply. Shortly thereafter, Plaintiff filed a supplemental brief, purportedly under Federal Rule of Civil Procedure 12(d), raising new arguments related to the summary judgment motion. The district court granted summary judgment to Defendant on Plaintiff's federal and state law claims. In granting summary judgment, the district court did not mention Plaintiff's supplemental brief nor address the arguments raised therein.

Plaintiff then filed a motion under Eastern District of Michigan Local Rule 7.1(h) requesting that the district court reconsider its grant of summary judgment. Plaintiff's motion reasserted the

arguments that it had made in its supplemental brief at the summary judgment stage. The district court denied Plaintiff's motion on the basis that Plaintiff failed to raise a palpable defect in the original order and should have raised its arguments earlier in its response to the motion for summary judgment. Plaintiff timely appealed both orders with respect to its USERRA claim only.

**DISCUSSION**

The thrust of Plaintiff's substantive argument on appeal is that a provision of USERRA, 38 U.S.C. § 4302(b), prevents the contractual reduction of rights under USERRA. Plaintiff contends that because his employment contract with Defendant shortens the time period for bringing a USERRA claim against his employer to 180 days, rather than the otherwise-applicable four years under 28 U.S.C. § 1658(a), Plaintiff's employment contract reduces his rights under USERRA and thus is invalidated by the statute. Defendant counters that Plaintiff did not raise this § 4302(b) argument at the summary judgment stage, so the argument was not preserved before the district court and is not preserved for appeal. Defendant also suggests that Plaintiff's attempt to raise the § 4302(b) argument in his motion for reconsideration does not meet Plaintiff's burden of showing a palpable defect in the district court's order granting summary judgment. Because we believe that Plaintiff's § 4302(b) argument fails on the merits regardless of whether it was preserved, we do not directly address Defendant's preservation arguments and instead turn to the substantive analysis of Plaintiff's claim.[1]

---

[1]We agree that Plaintiff did not raise the § 4302(b) argument in its response to the motion for summary judgment, but we believe that it did raise the argument in its supplemental brief at that stage. However, we cannot discern whether the district court accepted but ignored this filing or whether it rejected the filing as impermissible.

We review a motion for summary judgment *de novo*. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000) (en banc). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). We view the facts and reasonable inferences in the light most favorable to the nonmoving party. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). We review *de novo* a motion under Eastern District of Michigan Local Rule 7.1(h) seeking reconsideration of a grant of summary judgment. *Gage Prods. Co. v. Henkel Corp.*, 393 F.3d 629, 637 (6th Cir. 2004) (discussing Rule 59 motions); *Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011) (applying Rule 59 motion standard to motions for reconsideration under Local Rule 7.1); *Intercontinental Elecs., S.P.A. v. Roosen*, 210 F. App'x 491, 494–95 (6th Cir. 2006) (same).

**A.      Applicable Limitations Periods**

**1.      Statutory Limitations Period**

At the time Plaintiff filed his complaint, USERRA did not provide a separate statute of limitations relevant to Plaintiff's claim, so claims brought under USERRA were subject to the four-year general statute of limitations set forth in 28 U.S.C. § 1658(a).[2] The parties agree that the four-year limitations period applies to Plaintiff's USERRA claim, absent the competing contractual limitations period.

However, we note that USERRA was amended in 2008 by the Veterans' Benefits Improvement Act (VBIA), which provides:

---

[2]Section 1658 provides: "Except as otherwise provided by law, a civil action arising under an Act of Congress . . . may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a).

Inapplicability of statutes of limitations. If any person seeks to file a complaint or claim with the Secretary, the Merit Systems Protection Board, or a Federal or State court under this chapter [38 USCS §§ 4301 et seq.] alleging a violation of this chapter [38 USCS §§ 4301 et seq.], there shall be no limit on the period for filing the complaint or claim.

38 U.S.C. § 4327(b). Plaintiff admits that the amendment does not apply retroactively to his claim,[3] and nothing in the text of the statute indicates that Congress intended it to apply retroactively. *See Middleton v. City of Chi.*, 578 F.3d 655, 662–65 (7th Cir. 2009) (declining to retroactively apply the unlimited filing period in VBIA to a USERRA claim that was untimely under the original § 1658(a) four-year period). We thus apply the pre-VBIA version of USERRA to Plaintiff's claim.

### 2.      Contractual Limitations Period

When Plaintiff began his employment with Defendant, he signed an employment contract, which provided:

> I . . . agree that any action, claim or suit against [Defendant] arising out of my application for employment, employment, or termination including, but not limited to, claims arising under State or Federal civil rights statutes must be brought within one hundred and eighty (180) days of the event giving rise to the claim or be forever barred. I waive any and all limitation periods to the contrary.

Under the plain language of the agreement, the contractual period of limitations is 180 days for any employment-related claim against Defendant. We have held that "there is nothing inherently unreasonable about a six-month limitations period contained in an employment agreement," *Thurman v. DaimlerChrysler*, 397 F.3d 352, 357 (6th Cir. 2004) (citing *Myers v. W.-S. Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988)), and the parties do not dispute this matter.

---

[3]According to Defendant, although the amendment took effect prior to the filing of Plaintiff's complaint, the complaint was already untimely at that point under the applicable 180-day contractual limitations period. Plaintiff apparently agrees with this point.

**B.      Governing Period of Limitations**

The action giving rise to Plaintiff's USERRA claim was his termination on September 14, 2007.  Plaintiff filed his complaint on July 5, 2010, approximately two years and ten months after the action accrued.  This two-year, ten-month period is far beyond the 180 day cut-off in the employment contract clause, but it is within the four-year statute of limitations of § 1658(a).  Thus, if the contractual limitations period applies, Plaintiff's complaint would be untimely.  If the statutory period applies, Plaintiff's claim would survive.

"[I]n the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period."  *Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947); *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009).  Thus, the narrow question before us is whether the pre-VBIA version of USERRA prohibits the contractual shortening of the statute of limitations.

One provision in USERRA is relevant to this inquiry.  Section 4302(b) of the statute provides:

> This chapter [38 USCS §§ 4301 et seq.] supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter [38 USCS §§ 4301 et seq.], including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit.

38 U.S.C. § 4302(b).[4]   Section 4302(b) thereby prohibits contractual provisions which limit USERRA "right[s] or benefit[s]" or contractual provisions that require "additional prerequisites" in order for a plaintiff to exercise those rights or benefits.

Section 4303 offers a definition of "rights or benefits" under USERRA:

The term "benefit", "benefit of employment", or "rights and benefits" means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

38 U.S.C. § 4303(2).  Our Circuit has interpreted this definition to mean that USERRA prevents that limitation of veterans' substantive rights, but not their procedural rights.  *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1106–07 (6th Cir. 2010); *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 562 (6th Cir. 2008) (citing *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 677–78 (5th Cir. 2006)).  "[T]herefore, § 4302(b) does not prevent veterans from waiving their procedural rights . . . ." *Wysocki*, 607 F.3d at 1107.  However, this Court has also determined that USERRA supercedes contracts that provide for the wholesale contractual elimination of *all* procedural rights, because such a waiver would result in the *de facto* elimination of the veteran's substantive rights.  *Id.* (considering

---

[4]Plaintiff also argues that § 4302(a) prevents the contractual shortening of limitations periods. However, subsection (a) provides that nothing *in USERRA* shall limit contractually-obtained rights that are more beneficial to the plaintiff than those in the statute.  38 U.S.C. § 4302(a).  Because Plaintiff's situation is the opposite of that conceived in subsection (a), it is subsection (b) and not (a) that applies.

a waiver that "purports to preclude [the plaintiff] from advancing a USERRA claim in any forum, ever").

This Circuit generally defines a period of limitations as a procedural matter. *See, e.g.*, *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998) (discussing the issue in the choice of law context); *Phelps v. McClellan*, 30 F.3d 658, 661–62 (6th Cir. 1994) (comparing choice of law and *Erie* contexts); *Allgood v. Elyria United Methodist Home*, 904 F.2d 373, 376–77 (6th Cir. 1990) (finding that a limitations period for the Labor-Management and Relations Act and Labor-Management Reporting and Disclosure Act is a procedural matter); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1370 (6th Cir. 1975) (finding that a limitations period in the Age in Employment Discrimination Act is a procedural matter); *Mahalsky v. Salem Tool Co.*, 461 F.2d 581, 586 (6th Cir. 1972); *see also Aull v. McKeon-Grano Assocs., Inc.*, No. 06-2752, 2007 U.S. Dist. LEXIS 13008, at *18–20 (D.N.J. Feb. 26, 2007) (determining that the pre-VBIA version of USERRA does not prevent a contractual shortening of the time period for filing a USERRA claim, because a limitations period is a procedural matter). Furthermore, Plaintiff's employment contract does not eliminate all procedural rights in that it only shortens the time frame that Plaintiff can raise a USERRA claim. Because the contractual period of limitations diminished a right under USERRA that was merely procedural, § 4302(b) does not override the contractual limitations period on that basis.

In addition to overriding contracts that limit "rights or benefits," USERRA also supercedes contractual provisions that impose "additional prerequisites to the exercise of any such right or the receipt of any such benefit." Although the statute does not define the phrase, our Court has previously considered what constitutes an "additional prerequisite" under USERRA. *See Petty v.*

*Metro. Gov't of Nashville-Davidson Cnty.*, 538 F.3d 431, 442 (6th Cir. 2008). In *Petty*, we found that an employer's imposition of a return-to-work process, which required its veteran employees to complete new physical and psychological testing, was an impermissible "additional prerequisite" under USERRA. *Id.* We noted that the employer's "procedures [we]re in addition to the requirements Congress specified for the exercise of USERRA's reemployment rights." *Id.* We also noted that the only statutory prerequisites are listed in § 4312 and require 1) advance notification of military deployment to employer, 2) military service for less than five years, 3) timely request for re-employment with specified documentation, and 4) separation under honorable conditions. *Id.* at 440–41. Thus, under *Petty*, the definition of "additional prerequisite" involves matters including but not limited to affirmative requirements related to the rehiring process, proof needed to qualify for a USERRA claim, or imposing procedures that plaintiffs must comply with prior to filing a claim in court. *See Landis*, 537 F.3d at 564–65 (Cole, J., concurring) ("By 'additional prerequisites,' Congress clearly meant to stop employers from requiring 'additional resort to mechanisms such as grievance procedures or arbitration or similar administrative appeals.'" (citing H.R. Rep. No. 103-65, at 20 (1993))). Consent to a shorter time frame for filing a claim in court does not fall within this definition.

In sum, § 4302(b) does not operate to forbid the contractual imposition of a diminished time period for bringing USERRA claims. Because Plaintiff's complaint was untimely under the 180-day period in the contract, the district court did not err in granting summary judgment to Defendant and in denying Plaintiff's motion for reconsideration. Although we are sympathetic to Plaintiff's situation, especially in light of the VBIA amendment that no limitations period whatsoever is to

apply to USERRA claims, we are bound to apply the pre-VBIA version of USERRA in deciding that the shortened filing period in Plaintiff's employment contract was permissible.

## CONCLUSION

For the reasons discussed above, we **AFFIRM** the district court's order granting summary judgment to Defendant and **AFFIRM** the district court's order denying Plaintiff's motion for reconsideration.