NOT RECOMMENDED FOR PUBLICATION
File Name:   15a0272n.06
No. 14-1957

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Apr 14, 2015
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| SCOTT CZEWSKI, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| KVH INDUSTRIES, INC., | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | OPINION |

_____

**BEFORE: BATCHELDER and WHITE, Circuit Judges; and COX, District Judge.**[*]

**SEAN F. COX, District Judge.** Plaintiff-Appellant Scott Czewski filed this breach of contract action against Defendant-Appellee KVH Industries, Inc. in state court, and KVH Industries removed the action to federal court based upon diversity jurisdiction. The district court granted a Motion to Dismiss filed by KVH Industries, ruling that Michigan's six-year statute of limitations applied and that Czewski's complaint was untimely. Czewski now appeals that ruling, arguing that Rhode Island's ten-year statute of limitations applies to this action. Czewski also argues, in the alternative, that if we agree with the district court's statute-of-limitations ruling, we should nevertheless vacate the district court's order and either directly transfer this action to the United States District Court for Rhode Island or remand the action to the district court so that Czewski can file a motion asking the district court to transfer the case. For the reasons below, we **AFFIRM** the district court's statute-of-limitations ruling

_____

[*]The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

and, although we have the authority to grant the alternative relief Czewski requests, we conclude that there are no unusual circumstances here that warrant such relief.

## I.

Czewski filed this breach of contract action against KVH Industries in state court on March 14, 2014. Czewski's complaint asserted a single count, "Breach of Contract." The contract at issue, a manufacturer representative agreement, was attached to Czewski's Complaint as Exhibit 1. The contract provides, in pertinent part, that the "validity, interpretation, and performance of this Agreement shall be controlled by and construed under the laws of the State of **Rhode Island."** (R. 2 at PID 23) (holding and underlining in original). Czewski alleges that he began working as a commissioned representative in 2002 and that he worked in that capacity until March 15, 2004, at which time he took a position with KVH Industries as an account manager. Czewski alleges that in August of 2004 he realized that KVH Industries had not paid him all the commissions that should have been paid to him. (R. 2 at PID 14).

After removing the case to federal court, KVH Industries filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Michigan's six-year statute of limitations applies and that Czewski's complaint was filed outside of that limitations period.

In response to that motion, Czewski took the position that statutes of limitation are substantive in nature, that Rhode Island's ten-year statute of limitations applies, and that his Complaint was therefore timely filed.

Czewski did not file a motion asking the district court to transfer the action to Rhode Island. Czewski's response brief did not argue, in the alternative, that the district court should transfer the action to Rhode Island if the court were to agree with KVH Industries that Michigan's statute of limitations applies.

On June 26, 2014, the district court issued an Opinion granting KVH Industries' Motion to Dismiss. In its Opinion, the district court explained that "Michigan's six-year statute of limitations, rather than Rhode Island's longer statute of limitations, is applicable to Plaintiffs claim. Because Plaintiff did not file his complaint within six years of the time his claim accrued, it is time-barred in Michigan." (R. 10 at PID 128). In a footnote to the Opinion, the district court stated "[although Plaintiff has not indicated an intention to file an action in Rhode Island, the Court will dismiss the action without prejudice to allow Plaintiff to re-file in Rhode Island if he chooses to do so." (R. 10 at PID 128 n.l). The district court then issued an order dismissing Czewski's complaint without prejudice. Czewski now appeals.

## II.

As both parties recognize, the Panel reviews de novo the district court's dismissal of a case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Bright* v. *Gallia Cnty., Ohio,* 753 F.3d 639, 648 (6th Cir. 2014). A district court's choice-of-law determination is also reviewed de novo. *Performance Contracting, Inc. v. DynaSteel Corp.,* 750 F.3d 608, 611 (6th Cir. 2014).

## III.

It is undisputed that Michigan has a six-year statute of limitations for breach of contract actions *(see* Mich. Comp. Laws § 600.5807(8)) and Rhode Island has a ten-year statute of limitations that applies to breach of contract actions *(see* R.I. Gen. Laws § 9-1-13(a)). Czewski does not dispute that his action was untimely filed if Michigan's statute of limitations applies. Rather, Czewski contends that the district court erred in applying Michigan's statute of limitations, rather than Rhode Island's longer statute of limitations.

Czewski filed this breach of contract action in the forum state of Michigan. The contract at issue in this case, however, has a choice-of-law provision that provides that the "validity, interpretation, and

performance of the contract "shall be controlled by and construed under" Rhode Island law. (R. 2 at PID 23).

The district court exercised jurisdiction over this case based upon diversity jurisdiction under 28 U.S.C. § 1332. "A federal court sitting in diversity must apply the substantive law, including choice of law rules, of the state in which it sits." *Phelps v. McClellan,* 30 F.3d 658, 661 (6th Cir. 1994).

"Under Michigan's common law choice of law rule, statutes of limitation are considered procedural and are governed by the law of the forum." *Johnson* v. *Ventra Group, Inc.,* 191 F.3d 732, 746 (6th Cir. 1999) (citing *Isley* v. *Capuchin Province,* 878 F.Supp. 1021, 1025 (E.D. Mich. 1995)). Moreover, as Czewski acknowledges, the Sixth Circuit has held that "contractual choice-of-law clauses incorporate only substantive law, not procedural provisions such as statutes of limitations." *Cole* v. *MiletU* 133 F.3d 433, 437 (6th Cir. 1998).[1] "Absent an express

statement that the parties intended another state's limitations statute to apply, the procedural law of the forum governs time restrictions on an action for breach, while the law chosen by the parties governs the terms of their contract." *Id.*

In the case at bar, the parties agreed that the "validity, interpretation, and performance of the contract "shall be controlled by and construed under" Rhode Island law. (R. 2 at PID 23). The contract did not, however, expressly provide that Rhode Island's statute of limitations would apply to an action to

---

[1]Although Czewski is correct to note that this case was applying Ohio, and not Michigan, law, we have cited favorably to *Cole* in cases applying Michigan law. *See Oswald v. BAE Indus., Inc.,* 483 F. App'x 30, 35 (6th Cir. 2012); *Imaging Fin. Servs., Inc. v. Lettergraphics/Detroit, Inc.,* No. 97-1930,1999 WL 115473, at *4 (6th Cir. Feb. 9, 1999) (table decision) (citing to *Cole* for the proposition that "statutes of limitations are generally procedural for choice of law purposes and thus, the forum state's statute of limitations applies even if the parties have chosen the substantive law of another state"). We have cited to *Cole* in a case applying Kentucky law as well. *See Wallace Hardware Co., Inc. v. Abrams,* 223 F.3d 382, 396 (6th Cir. 2000) (citing to *Cole* for the proposition that "[Contractual choice-of-law clauses incorporate only substantive law, not procedural provisions such as statutes of limitations"). Nothing about this principle limits itself to Ohio law.

enforce the contract. Given the absence of such an express provision, the parties' choice-of-law provision incorporated only the substantive law of Rhode Island - not that state's procedural law, including its statute of limitations. *Phelps, supra; Frisch, supra.*

Although Michigan courts have long held that statutes of limitation are procedural in nature, Czewski asserts that the Michigan Supreme Court dramatically changed the landscape in *Gladych v. New Family Homes, Inc.,* 468 Mich. 594, 664 N.W.2d 705 (2003). Czewski contends that, in *Gladych,* the Michigan Supreme Court ruled that statutes of limitations are substantive for all purposes, including choice-of-law determinations.

We conclude that the district court properly rejected Czewski's position. The district court properly found that *""Gladych's* holding was limited to conflict between court rules and statutes, and does not extend to choice-of-law determinations," followed "Michigan's traditional rule that statutes of limitations are procedural in nature,"[2] and applied Michigan's statute of limitations where "Rhode Island's statute of limitations was not incorporated into the choice-of-law clause at issue in this case." (R. 10 at PID 126-128).

## IV.

Although it is not included in his "Statement Of The Issue" presented for review *(see* Appellant's Br. at 1),[3] the body of Czewski's brief seeks to raise a second issue. If the Panel agrees with the district court's statute-of-limitations ruling, then Czewski asks the Panel to nevertheless "vacate

---

[2]Notably, although *Gladych* was issued more than a decade ago, Czewski has not directed us to a single decision wherein a court has interpreted the case as ruling that statutes of limitations are substantive for all purposes under Michigan law. To the contrary, following *Gladych,* Michigan courts continue to follow the general rule that limitations periods are procedural in nature. *See, e.g. Hatcher* v. *State Farm Mut. Auto. Ins. Co.,* 269 Mich. App. 596, 605-606, 712 N.W.2d 744, 750 (2005); *Waisanen* v. *Superior Twp.,* 305 Mich. App. 719, 730, 854 N.W.2d 213, 219 (2014).

[3]This issue is therefore arguably waived.

the district court's Order and either transfer the case to the District of Rhode Island or remand to the district court to allow [him] to move to transfer to the District of Rhode Island." (Appellant's Br. at 16).

In support of this request, Czewski asserts that the Panel "has the authority pursuant to 28 U.S.C. § 1404(a) and the All Writs Act to transfer this matter to the District of Rhode Island." (Appellant's Br. at 14). Czewski relies on *Koehring Co.* v. *Hyde Const. Co.,* 382 U.S. 362 (1966) and *Hunt* v. *Bankers Trust Co.,* 799 F.2d 1060, 1070 (5th Cir. 1986). He also asserts that the Panel has the authority to remand with instructions for the district court to consider a motion to transfer, relying on *Ross* v. *Mebane,* 536 F.2d 1199 (7th Cir. 1976).

The change-of-venue statute provides, in pertinent part, that "a *district court"* may transfer a civil action to another district "where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). Thus, as the Supreme Court observed in *Koehring,* "a federal appellate panel does not ordinarily itself transfer a case to another district." *Koehring,* 382 U.S. at 364. Nevertheless, the Court concluded that the statute does not preclude "an appellate court, where *unusual circumstances* indicate the *necessity thereof,* from effecting a transfer by direct order." *Id* at 365 (emphasis added). The Court concluded that the "extraordinary circumstances" presented there warranted such action. Those extraordinary circumstances "included the fact that the Federal District Court in Mississippi had granted a motion to dismiss despite instructions from the Fifth Circuit to transfer the cause to Oklahoma, and the further fact that trial of a duplicative action in the Mississippi state courts brought by respondent Hyde Construction Company was to commence, and did in fact commence, on March 11 - one day after the Fifth Circuit's instanter transfer and the very day on which the Federal District Court in Oklahoma entered its order." *Id.* at 364.

6

Extraordinary circumstances were also found to exist in *Hunt,* such that a federal appellate court directed a United States bankruptcy court to transfer two related actions to another bankruptcy court. *Hunt,* 799 F.2d at 1070-71.

Unusual circumstances also existed in *Ross,* such that the Seventh Circuit remanded a habeas corpus / prisoner civil rights case to the district court so that the district court could determine whether it should transfer the case to another federal district court - where the petitioner and his immediate custodian were located. *Ross,* 536 F.2d at 1202.

As KVH Industries notes, "[i]t is a well-established rule" that a federal appellate panel will not consider "arguments that are not properly raised below." *Zhao v. Holder,* 569 F.3d 238, 247 (6th Cir. 2009).

Moreover, unlike any of the cases Czewski relies on, this case does not involve any extraordinary circumstances that would warrant the unusual relief that Czewski seeks. This is a simple breach of contract action with two parties and no related actions. Czewski could have initially filed suit in Rhode Island, but chose not to do so. In addition, after KVH Industries filed its motion to dismiss, Czewski could have either filed a motion to transfer or asked the district court to transfer the case rather than dismiss it. Czewski chose not to do either of those things. Finally, the district court dismissed the action without prejudice, so that Czewski could file suit in Rhode Island if he chose to do so.

**V.**

For these reasons, we AFFIRM.

**HELENE N. WHITE, Circuit Judge, concurring in result.** The question as framed by the parties is whether "Michigan law considers statutes of limitations to be procedural or substantive." From the outset, the parties have assumed that Michigan courts would adjudicate a contractual choice-of-law dispute by distinguishing between procedural laws and substantive laws, with only the latter being governed by the choice-of-law provision. Czewski's argument acknowledges Michigan's long-standing practice of considering statutes of limitations to be procedural, s*ee, e.g.*, *Stephens v. Dixon,* 449 Mich. 531, 534, 536 N.W.2d 755, 756 (Mich. 1995) ("Statutes of limitation are procedural devices intended to promote judicial economy and the rights of defendants."); *People v. Russo,* 439 Mich. 584, 595, 487 N.W.2d 698, 702 (Mich. 1992) ("In Michigan, statutes of limitations are generally regarded as procedural and not substantive in nature."), and asserts that the Michigan Supreme Court's decision in *Gladych v. New Family Homes, Inc.*, 468 Mich. 594, 664 N.W.2d 705 (2003), altered that long-standing approach and "clearly provides that statutes of limitations are substantive rather than procedural."

In *Gladych*, the Michigan Supreme Court considered whether the mere filing of the complaint in an action tolls the statute of limitations under the applicable Michigan statutes, notwithstanding language in MCLA 600.5856 that indicates more is required. In doing so, the Court overruled *Buscaino v. Rhodes*, 385 Mich. 474, 189 N.W.2d 202 (1971), overruled in part on other grounds by *McDougall v. Schanz*, 461 Mich. 15, 597 N.W.2d 148 (1999), which had held that tolling begins with the mere filing of the complaint, by limiting § 5856's applicability, in part to avoid a conflict between § 5856 and GCR 101, a court rule enacted pursuant to the Michigan Supreme Court's constitutional authority to enact rules regarding practice and procedure in the courts. *Gladych*, 468 Mich. at 605. The *Gladych* court rejected the *Buscaino* court's reasoning, citing its earlier decision in *McDougall*:

> If the statute concerns a matter that is purely procedural and pertains only to the administration of the courts, the court rule would control. [*McDougall*, 461 Mich.] at 26–27, 597 N.W.2d 148. If, however, the statute concerns a "'principle of public policy, having as its basis something other than court administration . . . the [court] rule should yield.'" *Id.* at 31, 597 N.W.2d 148 (quoting Joiner & Miller, *Rules of practice and procedure: A study of judicial rule making*, 55 Mich. L. R. 623, 635 (1957). Statutes regarding periods of limitations are substantive in nature.

*Gladych*, 468 Mich. at 600.

The *Gladych* Court made this statement in the context of comparing "statutes regarding matters of 'practice and procedure' and those regarding substantive law," and found that statutes of limitations fall in the latter category. *Id.* Specifically, the Court determined that court rules trump statutes in regard to "purely procedural" matters, but when the statute concerns "a principle of public policy, having as its basis something other than court administration," the statute governs. *Id.* Thus, *Gladych's* statement that statutes of limitations are "substantive in nature" merely distinguishes statutes of limitation from statutes "regarding matters of 'practice and procedure.'" *See id.* This statement does not evince a wholesale change of Michigan law; rather, it "addressed . . . the requirement that tolling of the relevant statute of limitations can only be accomplished by complying with [Michigan statutory law]." *Collins v. Comerica Bank*, 688 N.W.2d 357 (Mich. 2003) (expressly limiting the holding of *Gladych* to the narrow question stated above).[1] Thus, I reject Czewski's argument based on *Gladych*.

---

[1]Indeed, Czewski's argument is expressly contemplated and disavowed by the Restatement:

> The courts have traditionally [analyzed statute of limitations issues] by determining whether the particular issue was "procedural" and therefore to be decided in accordance with the forum's local law rule, or "substantive" and therefore to be decided by reference to the otherwise applicable law. These characterizations, while harmless in themselves, have led some courts into unthinking adherence to precedents that have classified a given issue as "procedural" or "substantive," regardless of what purposes were involved in the earlier classifications. Thus, for example, a decision classifying burden of proof as "procedural" for local law

I also note that this case has progressed entirely on the premise that Michigan conflict-of-laws rules in contractual disputes are materially identical to those discussed in *Cole v. Mileti*, 133 F.3d 433 (6th Cir. 1997) (interpreting Ohio law), *Phelps v. McClellan*, 30 F.3d 658 (6th Cir. 1994) (same), and *Frisch v. Nationwide Mutual Ins. Co.*, 553 F. App'x 477 (6th Cir. 2014) (same). I am not convinced that this is the case, and believe that Michigan courts would follow the Restatement (Second) of Conflicts of Laws when deciding this issue. *See Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 448 Mich. 113, 126–27 (Mich. 1995) (adopting the approach set forth in Restatement (Second) of Conflict of Laws §§ 187, 188). Under this approach, it is possible that a Michigan court honoring a general, all-encompassing choice-of-law provision would also apply the chosen state's statute of limitations. *See* Restatement (Second) of Choice of Laws § 187 ("The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue."). Still, given the limited scope of the choice-of-law provision at-issue here—Rhode Island law governs the contract's "validity, interpretation, and performance"—it is not clear to me that a Michigan court would apply Rhode Island's statute of limitations when adjudicating Czewski's claim. I thus concur in the affirmance of the district court's application of the Michigan statute of limitation.

---

purposes, such as in determining the constitutionality of a statute that retroactively shifted the burden, might mistakenly be held controlling on the question whether burden of proof is "procedural" for choice-of-law purposes.

Restatement (Second) of Conflict of Laws, § 122, cmt. b. *Gladych* is such a case; it pertained to purely local matters, but now Czewski is citing it for contractual choice-of-law purposes. To be sure, Michigan courts have indicated that this section of the Restatement applies to Michigan contractual choice-of-law disputes. *See GM Sign, Inc. v. Auto-Owners Ins. Co.*, 2012 WL 4840592, at *22 (Gleicher, J. concurring) (unpublished).

Finally, because Czewski did not seek the alternative remedy of transfer below, he forfeited any claim to that relief.   Thus, I concur in the affirmance district court.